Michael D. Kinkley
Michael D. Kinkley P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINTON WILLIAMS, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JBC LEGAL GROUP, P.C., a California Professional Corporation, JBC & Associates, P.C., Jack Hagop Boyajian<br><br>Defendants. | Case No.: CV-05-099-LRS<br><br>Plaintiffs' Response Memorandum to Defendant JBC Motion for Summary Judgment |

Unauthorized Practice of Law.

The inquiry into whether an activity constitutes the practice of law has two steps:

1. the determination as to whether the activity is the practice of law and, if so,
2. determining whether the practice is unauthorized:

*Jones v. Allstate Ins. Co.,* 146 Wash.2d 291, 301, 45 P.3d 1068, 1073 - 1074 (Wash.,2002) quoting *Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wash.2d 48, 54, 586 P.2d 870 (1978).

Plaintiffs' Response Memorandum to Defendants Motion for Summary Judgment - 1

It is the nature and character of the service performed which governs whether given activities constitutes the practice of law. Id. If the nature and character of the activities result in a determination that the activities are the practice of law, the subsequent inquiry becomes whether the one undertaking such practice is authorized to do so. Id.

The practice of law includes the selection and completion of legal instruments by which legal rights and obligations are established. *Jones v. Allstate Ins. Co.*, 146 Wash.2d 291, 303, 45 P.3d 1068, 1075 (Wash.,2002) quoting *Washington State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wash.2d 48, 54-55, 586 P.2d 870 (1978); see also *In re Discipline of Droker*, 59 Wash.2d 707, 370 P.2d 242 (1962); *Washington State Bar Ass'n v. Washington Ass'n of Realtors*, 41 Wash.2d 697, 251 P.2d 619 (1952). It is established that the selection and preparation of promissory notes and deeds of trust is the practice of law. *Great Western*, 91 Wash.2d at 55, 586 P.2d 870; *Perkins v. CTX Mortg. Co.*, 137 Wash.2d 93, 97-98, 969 P.2d 93,95 (Wash.,1999)

## Time Barred Debt

The United States Court of Appeals for the Ninth Circuit has not yet ruled on the issue of filing or threatening litigation for debt barred from collection a statute of limitations. Defenants admit that the Williams debt was time barred.

Defendants' admit that they threatened litigation. The assertion defendants make here is that an attorney (or someone not properly licensed in this state, but representing themselves to be an attorney) is allowed to threaten litigation that it is procedurally barred from bring.

In *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 332 -333 (C.A.6 (Ohio),2006), the court (while refusing to extend the doctrine in response to an analogous argument) recognized that:

> Courts in other circuits have held that the filing of a lawsuit to collect a debt that is barred by the statute of limitations violates several subsections of 15 U.S.C. § 1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The Eighth Circuit in *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 771 (8th Cir.2001), for example, held that a debt collector violates the FDCPA when it threatens or pursues litigation "to collect on a potentially time-barred debt that is otherwise valid." Several district courts have also concluded that the filing of a lawsuit to collect a time-barred debt is deceptive to the unsophisticated consumer. See, e.g., *Goins v. JBC & Assoc.*, 352 F.Supp.2d 262 (D.Conn.2005); *Shorty v. Capital One Bank*, 90 F.Supp.2d 1330 (D.N.M.2000); Kimber v. Fed. Fin. Corp., 668 F.Supp. 1480 (M.D.Ala.1987).
> These district courts have employed varying rationales for concluding that the filing of time-barred lawsuits violates the FDCPA. In Goins, for example, the district court held that the threat to file suit on a time-barred debt constitutes a "misleading representation" because attorneys must represent to the court that they have undertaken a reasonable inquiry into whether claims brought are warranted by existing law under Rule 11 of the Federal Rules of Civil Procedure. Goins, 352 F.Supp.2d at 272. Because sanctions "would be appropriate if an attorney knowingly filed suit on an undisputedly time-barred claim," a letter threatening suit on such a claim "threaten[s] litigation where such suit would be improper." Id. The district court in Kimber similarly held that letters threatening to sue on a time-barred claim are "fraudulent" because a debt collector cannot "legally prevail in such a lawsuit." 668 F.Supp. at 1489. As explained by the district court,

> it is obvious to the court that by employing the tactics it did, FFC played upon and benefitted from the probability of creating a deception. Honest disclosure of the legal unenforceability of the collection action due to the time lapsed since the debt was incurred would have foiled FFC's efforts to collect on the debt. So instead, the corporation implicitly misrepresented to Kimber the status of the debt, and thereby misled *333 her as to the viability of legal action to collect.
> Id. (reasoning that unsophisticated "consumers would unwittingly acquiesce" to a time-barred lawsuit instead of defending against it).

*Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, *332 -333 (C.A.6 (Ohio),2006)

In *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1487 (M.D.Ala.,1987) the court identified the "unfairness" of attempting to collect time barred debts from unsophisticated debtors:

> a debt collector's filing of a lawsuit on a debt that appears to be time-barred, **without the debt collector having first determined after a reasonable inquiry that that limitations period has been or should be tolled, is an unfair and unconscionable means of collecting the debt.** As previously demonstrated, **time-barred lawsuits are, absent tolling, unjust and unfair as a matter of public policy**, and this is no less true in the consumer context. As with any defendant sued on a stale claim, the passage of time not only dulls the consumer's memory of the circumstances and validity of the debt, but heightens the probability that she will no longer have personal records detailing the status of the debt. Indeed, the unfairness of such conduct is **particularly clear in the consumer context where courts have imposed a heightened standard of care-that sufficient to protect the least sophisticated consumer**. Because few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts, such consumers would unwittingly acquiesce to such lawsuits. And, even if the consumer realizes that she can use time as a defense, she will more than likely still give in rather than fight the lawsuit because she must still expend energy and resources and subject herself to the

embarrassment of going into court to present the defense; this is particularly true in light of the costs of attorneys today.

See *Hamid v. Blatt, Hasenmiller, Leibsker, Moore & Pellettieri*, 2001 U.S. Dist. LEXIS 13918 (N.D. Ill. Aug. 31, 2001). (filing suit on a time-barred debt is a F.D.C.P.A. violation). *Walker v. Cash Flow Consultants, Inc.*, 200 F.R.D. 613 (N.D. Ill. 2001). (same). *Spencer v. Hendersen-Webb*, 81 F. Supp. 2d 582 (D. Md. 1999) (representing that the debt could be collected for twelve years when it subject to a three-year statute of limitations violated F.D.C.P.A., specifically §§ 1692e(2)(A) and 1692f(1). *Perretta v. Capital Acquisitions & Mgmt. Co.*, 2003 WL 21383757 (N.D. Cal. May 5, 2003) (As a mater of law, the threat to "take further steps" on a time-barred states a claim for is a threat to file suit and, as such, violates the F.D.C.P.A).

Defendants attempt to collect on a time barred debt. Since defendants are legally prohibited from recovery of the 9-year old debt (1995-2004), Defendants have. has violated the following provisions of the federal Fair Debt Collection Practices Act:

**15 U.S.C.A. § 1692e    False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2) The false representation of--
>     (A) the character, amount, or legal status of any debt; or
>     (B) any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**§ 1692f. Unfair practices**

> [T]he following conduct [of a debt collector] is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Defendants

Under Washington law, "Statutes of limitations are designed to shield defendants and the judicial system from stale claims. *Douchette v. Bethel Sch. Dist. No. 403,* 117 Wash.2d 805, 813, 818 P.2d 1362 (1991); *Hudson v. Condon*; 101 Wash.App. 866, 872, 6 P.3d 615, 619 (Wash.App. Div. 3, 2000).

Evidence may be lost and witnesses' memories may fade if plaintiffs sleep too long on their rights. *Id.* On the other hand, a statute of limitations deprives a plaintiff of the opportunity to invoke the power of the court in support of an otherwise valid claim. *Hudson v. Cond,* supra,101 Wash.App. at 872; *Jordan v. Bergsma,* 63 Wash.App. 825, 828, 822 P.2d 319 (1992) (citing *Stenberg v. Pacific Power & Light Co.,* 104 Wash.2d 710, 714, 709 P.2d 793 (1985)); *Hudson v. Condon*; 101 Wash.App. 866, 872, 6 P.3d 615, 619 (Wash.App. Div. 3,2000). This is the same rationale as other court have applied to find that it is an unfair and deceptive practice in violation of the FDCPA for a debt collector to threaten litigation in the collection of time barred debts or to fail to disclose that the debt is time barred.

Washington Collection Agency Act, RCW 19.16 et seq.

Defendants choose to ignore two important and relevant parts of the exception in the definition of "collection agency" found in RCW 19.16.100(3)(c). Defendants' Memorandum, p.11. First, to apply the exception for "lawyers" one must first be a lawyer which means licensed to practice or admitted in the jurisdiction one wishes to claim the status (and exemption) as a "lawyer". Second, the phrase "collection activity…are confined and are directly related to the operation of a business other than a collection agency…" RCW 19.16.100(3)(c). The very arguments made here by JBC were already rejected by one Washington federal judge:

Defendant JBC Legal Group PC violated RCW 19.16.110 when it acted as a collection agency within the State of Washington without first obtaining a license. Pursuant to RCW 19.16.100(2)(a), a "collection agency" means "any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person." In this case, JBC has attempted to collect a claim asserted to be owed to an entity called Outsource Recovery Management. Nonetheless, JBC argues that it is not a "collection agency" because RCW 19.16.100(3)(c) excludes from that term "[a]ny person whose collection activities are carried on in his, her, or its true name and are confined and are directly related to the operation of a business other than that of a collection agency, such as ⋯ lawyers⋯." When read as a whole and in light of the interpreting case law, Washington's Collection Agency Act applies to entities such as JBC which seek to collect debts that are unrelated to JBC's (or its affiliated company's) non-debt collector business. If, for example, JBC were seeking to recover fees owed to it by a client for legal services rendered, such activities would not make JBC a "collection agency." See Berry v. Fleury, 111 Wash.App. 1048, 2002 WL 1011541 (Wn.App. May 20, 2002). The same result would probably arise if JBC were collecting debts owed to an affiliated company as long as those debts arose from a business other than the collection of debts. See RCW 19.16.100(3)(f); Trust Fund Servs. v. Aro Glass Co., 89 Wash.2d 758, 761-62, 575 P.2d 716 (1978). The debt JBC sought to collect from plaintiff is not "directly related to the operation of a business other than that of a collection agency"-its affiliate company purchased the alleged debt from a third-party merchant for the sole purpose of collecting on the instrument. Despite the fact that JBC is a law firm, its actions in this case are those of a collection agency subject to regulation under the Collection Agency Act.

*Semper v. JBC Legal Group,* 2005 WL 2172377, *3 (W.D.Wash.,2005)

### Failure to License as FDCPA violation

Federal judges have told JBC that it is wrong about this argument, as well. In *Goins v. JBC & Associates, P.C.*, 352 F.Supp.2d 262, *269 -70 (D.Conn.,2005) the court observed that "JBC was not licensed in Connecticut as a consumer collection agency at the time defendants sent the February 17, 2003 debt collection

notice to plaintiff, and their application for a license has since been denied."
Apparently, in Connecticut JBC sought to be licensed as a collection agency thus acknowledging its real status. That its application was rejected speaks volumes about the known practices of this defendant. The court rationally distinguished the same *Wades* argument JBC is making here:

> Here, in contrast to *Wade* and *Ferguson,* the debt collection notice contained an unequivocal threat to take action, stating, "[y]ou may wish to settle this matter before *we* seek appropriate relief before a court of proper jurisdiction by a qualified attorney." *See* February 17, 2003 letter [Doc. # 36] (emphasis added). The letter also refers to "our" prior "communication demanding ⋯ that you make restitution," states that JBC's clients "may now assume that you delivered the check(s) with intent to defraud," and refers to "statutory penalties as determined by the court." The letter's references to statutes, attorneys, court, settlement, and restitution, augmented by its aggressive, accusatory tone (e.g. "You have obviously chosen to ignore our previous communication"), bolster its syntax as a threat to sue the plaintiff on the debt. In sum, the letter is far from *Wade's* "prudential reminder" to pay an outstanding debt. On the undisputed facts of this case, the Court concludes that the letter violates the *272 FDCPA's prohibition of threats to take action that cannot legally be taken. *See* 15 U.S.C. § 1692e(5).

*Goins v. JBC & Associates, P.C.* 352 F.Supp.2d 262, *271 -272 (D.Conn.,2005)

## Washington Consumer Protection Act, RCW 19.86

Defendants misunderstand and misstate the requirements of the Washington Consumer Protection Act well settled regarding "injury to property vis a vis damages. "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful". RCW 19.86.020. The WCPA does not require "damages". Actual damages (if provens with specificity and if causation is proven) are available but not necessary for a WPCPA violation. What is required is an "injury to property". To prevail on a CPA claim, a plaintiff must prove each of the following five elements:

Plaintiffs' Response Memorandum to Defendants Motion for Summary Judgment - 9

Michael D. Kinkley P.S.
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

1)That the defendant engaged in an unfair or deceptive act or practice;
2) occurring in trade or commerce;
3) that affects the public interest; and
4) causes injury;
5) to plaintiff in his or her business or property.

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 780, 719 P.2d 531 (1986). In *Sorrel v. Eagle Healthcare, Inc*., 110 Wash.App. 290, 298-299, 38 P.3d 1024,1028 - 1029 (Wash.App. Div. 1,2002), the court has repeatedly specifically rejected the arguments the defendants make here:

> Eagle contends that Sorrel's claim must fail because he cannot establish that he suffered damages. But under the \*\*1029 CPA, injury is distinguished from damages.[FN22] No monetary damages need be proven so long as there is some injury to property or business.[FN23] Sufficient injury to satisfy the fourth and fifth elements of a Consumer Protection Act claim is established when a plaintiff is deprived of the use of his property as a result of an unfair or deceptive act or practice.[FN24] In this case, Sorrel was denied rightful possession of his funds for a period of two weeks. His CPA claim \*299 should not have been dismissed for failure to establish injury.

In accord, *Mason v. Mortgage America, Inc.,* 114 Wash.2d 842, 854, 792 P.2d 142 (1990) (wrongful loss of title to property was injury to property entitling plaintiffs to award of attorney fees, despite no monetary damages shown. While a claimant alleging a violation of the Washington Consumer Protection Act (WCPA) must establish a specific injury to his business or property, the injury need not be great. *Besel v. Viking Ins. Co. of Wisconsin*, 105 Wash.App. 463, 21 P.3d 293, review granted 144 Wash.2d 1016, 32 P.3d 283, reversed 146 Wash.2d 730, 49 P.3d 887. (2001).A nonquantifiable injury, such as loss of good will, or a nonspecific or

relatively minor monetary injury such as some diminution in value of property or money, will suffice to satisfy the injury requirement. Id. The injury "need not be great." *Mason v. Mortgage America, Inc*., 114 Wash.2d 842, 854, 792 P.2d 142 (1990). In Nordstrom, the court distinguished between "injury" and "damages", holding that with regard to injury,

> [t]his distinction makes it clear that no monetary damages need be proven, and that nonquantifiable injuries, such as loss of goodwill would suffice for this element of the Hangman Ridge test. This is bolstered by the fact that the act allows for injunctive relief, clearly implying that injury without monetary damages will suffice.

*Nordstrom, Inc. v. Tampourlos,* 107 Wash.2d 735, 739, 733 P.2d 208 (1987). As *Mason* elaborates,

> [t]he injury element will be met if the consumer's property interest or money is diminished because of the unlawful conduct even if the expenses caused by the statutory violation are minimal.

(Footnote omitted.) Mason, 114 Wash.2d at 854, 792 P.2d 142. There must be some evidence, however slight, to show injury to the claimants' business or property. *Demopolis v. Galvin*, 57 Wash.App. 47, 55, 786 P.2d 804, review denied, 115 Wash.2d 1006, 796 P.2d 1263 (1990) (injury under the CPA must be injury to the claimant's business or property); *Mason*, 114 Wash.2d at 854, 792 P.2d 142 (amount of injury may be minimal);*Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.* 64 Wash.App. 553, 563-564, 825 P.2d 714,720 (Wash.App.,1992)(missing time from work even though not a quantifiable wage loss).

DATED this 4th day of August, 2006.

                                            ***Michael D. Kinkley P.S.***

                                            s/Michael D. Kinkley
                                            Michael D. Kinkley
                                            WSBA # 11624
                                            Attorney for Plaintiff

                                                   CM/ECF

I hereby certify that on the 4th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Michael D. Kinkley | mkinkley@comcast.net, mkinkley@comcast.net, pleadings@qwest.net |
| June D. Koper | JKoper@mpbf.com |
| Mark K. Ellis | mellis@mpbf.com |
| Wendy Vierra | wvierra@mpbf.com |

1

2       ***Michael D. Kinkley P.S.***

3

4      s/Michael D. Kinkley
       Michael D. Kinkley
       WSBA # 11624

5        Attorney for Plaintiff
       4407 N. Division, Suite 914

6        Spokane, WA 99207
       (509) 484-5611

7        Fax: (509) 484-5972
       mkinkley@qwest.net