Mark E. Ellis – WSBA No. 17024
Wendy Vierra – WSBA No, 37222
June D. Coleman – CSBA No. 191890
MURPHY, PEARSON, BRADLEY & FEENEY
701 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 565-0300
Facsimile: (916) 565-1636

Attorneys for Defendants
JBC LEGAL GROUP, P.C., fka JBC & ASSOCIATES, P.C. AND JACK HAGOP
BOYAJIAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINTON WILLIAMS, and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>JBC LEGAL GROUP, P.C., a California Professional Corporation, JBC & ASSOCIATES, P.C., JACK HAGOP BOYAJIAN,<br><br>    Defendants. | Case No.: CV-05-99-LRS<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FRCP 56**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**Date:    August 31, 2006**<br>**Time:    2:30 p.m.**<br>**Judge Suko, 2nd Floor (Yakima Courthouse)** |

# I.   INTRODUCTION

Defendants JBC LEGAL GROUP, P.C., fka JBC & ASSOCIATES, P.C., and JACK HAGOP BOYAJIAN ("JBC") requests that this Court grant summary judgment (or, alternatively, partial summary judgment) in favor of JBC against each cause of action asserted by Mr. Williams.[1] **(Fed. R. Civ. Proc. 56(c)**.) Mr. Williams cannot and has not established that JBC is liable under (1) the Fair Debt Collection Practices Act ("FDCPA"), **15 U.S.C. §§ 1692, et seq.**; (2) the Washington Collection Agency Act ("WCAA"), **RWCA 19.16.100 et seq.**; (2) the Washington Consumer Protection Act ("WCPA"); **RWCA 19.85.100 et seq.**; or for the unlawful practice of law, as alleged in his Complaint. (See generally **Complaint**.)

Mr. Williams has not established that attempts to collect a time barred debt constitute a violation of the FDCPA when Washington law does not extinguish the debt. Nor has Mr. Williams successfully argued that (a) JBC should be licensed in Washington, when Washington exempts attorneys, and (b) that the failure to be licensed in Washington constitutes a violation of the FDCPA.

Mr. Williams has failed to cite to any evidence in his opposition brief, much less evidence that would establish that (a) Mr. Williams suffered an injury within the meaning of the WCPA and (b) any such injury was causally connected to the alleged wrongful conduct. (See, e.g., **Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co. ("Hangman Ridge II")** (1986) 105 Wash.2d 778, 784-85; **Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co. ("Hangman Ridge I")** (1982) 33 Wash. App. 129, 136, 652 P.2d 962, 967, remanded on other grounds, 100 Wash. 2d

---

[1] Defendants apologize that this brief is late. However, defense counsel sought to meet and confer with plaintiff's counsel at least three times to obtain a signed version of the declaration and to determine whether plaintiff would file an amended opposition brief with the improper, unpublished authority, but plaintiff's counsel did not return phone calls or written correspondence. Furthermore, defense counsel was having computer problems and notified plaintiff's counsel of the need for a later filing, and plaintiff's counsel did not return telephone calls or object. Finally, the Court's staff recommended that defendants file as soon as possible rather than seek an extension in light of the computer problems defense counsel was facing.

109 (1984).)

Moreover, Mr. Williams apparently concedes that he lacks standing as required by **Article III** to the U.S. Constitution for any of his state law causes of action (**Cantrell v. City of Long Beach** (9th Cir. 2001) 241 F.3d 674, 683); and concedes that the WCAA does not contain a private right of action (see generally **RWCA 19.18.100**, *et seq.*; see also **RWCA 19.16.100(3)(c)** (excluding attorneys). Moreover, Mr. Williams has also failed to address the fact that the obligations under the WCAA apply to licensed collection agencies. (***Id.***)

For all these reasons, there is absolutely no legal or factual basis for liability against JBC. JBC respectfully requests that this Court grant summary judgment, or in the alternative summary adjudication, in its favor on each cause of action put forward by plaintiff.

## II.    LEGAL ANALYSIS

### A.    Mr. Williams's Unlawful Practice of Law Cause of Action Must Fail.

Although Mr. Williams spends a full page describing what types of conduct constitutes the unlawful practice of law, he fails to address two arguments by JBC. First, he fails to oppose JBC's argument that an unlawful practice of law cause of action fails when a non-client alleges this cause of action. (**Hangman Ridge I**, *supra*, 33 Wash. App. at 136.) Mr. Williams also fails to address JBC's argument that such a cause of action is inappropriate against an out-of-state attorney, especially under the instant circumstances. (**State v. Hunt** (1994) 75 Wash.App. 795, 802 (paralegal); **Hecomovich v. Nielsen** (1974) 10 Wash.App. 563, 571, review denied, 83 Wash.2d 1012 (escrow company); see also **Perkins v. CTX Mortg. Co.** (1999) 137 Wash.2d 93, 105-06 (Court narrows definition of acts constituting unlawful practice of law, thereby precluding liability against a finance company).) For both of these reasons, this cause of action must fail, and judgment should be awarded to defendants.

## B.   In Washington, Collection Letters Regarding Debts Beyond the Statute of Limitations Do Not Violate the FDCPA.

Mr. Williams argues that JBC's letters are deceptive when they seek to collect an allegedly time-barred debt, even though the debt is not extinguished upon the running of the statute of limitations. (Opp. Brief, pp. 2:22-7:15.) In fact, JBC does not admit that the debt is in default; many circumstances can toll the statute of limitations. (See generally **Ziegler v. Ziegler** (E.D. Wash. 1998) 28 F.Supp.2d 601, 619 (unwilling to dismiss claim because statute of limitations may not have run); see also, e.g., **RWCA §§ 4.16.180, 4.16.190, 4.16.220** (setting forth various bases for tolling statute of limitations.) Notably, Mr. Williams has not proved that the debt is indeed time barred; Mr. Williams has not submitted any evidence as to when the debt was incurred.

Plaintiff's citation to **Harvey v. Great Seneca Financial Corp.** (6th Cir. 2006) 453 F.3d 324, does not address Washington jurisprudence regarding time-barred litigation. (*Id.* at 333 (declining to approve of any of the various rationales of other circuits related to time barred debts under the FDCPA since this issue is not before the Court and since the Sixth Circuit has not had an opportunity to address this issue).) **First**, JBC does not concede that the letters threaten litigation. (**Abels v. JBC** (N.D. Cal. 2005) 428 F.Supp.2d 1023, 1027-28 ("the least sophisticated debtor would read the text of the letter as informational in providing a prudential reminder that the debtor may be in violation of a particular civil code provision and that the penalties for such a violation could be serious.").) **Second**, Washington law does not extinguish a debt upon the expiration of the statute of limitations, and therefore attempting to collect such a debt is proper. (See, e.g., **Lane v. Department of Labor and Indus.** (1944) 21 Wash.2d 420, 426, 151 P.2d 440; **Stenberg v. Pacific Power & Light Co.** (1985) 104 Wash.2d 710, 714, 709 P.2d 793; **Jordan by Prappas v. Bergsma** (1992) 63 Wash.App. 825, 828, 822 P.2d 319, 320.) Moreover, since the statute of limitations is an affirmative defense that can be waived if not asserted, it is not inappropriate to litigate a potentially time-barred claim where the statute of limitations may have been

tolled or waived.

Finally, this Court should strike Mr. Williams's references to unpublished cases on p. 5:4-7; 5:12-16 in violation of Local Rule 7.1(g).

As the **Abels** Court determined, JBC's attempts to collect Mr. Williams's debts did not violate the FDCPA, and the Court should award judgment on this claim to JBC.

## C. Mr. William's Cause of Action Premised on Licensing Must Fail.

Mr. Williams argues that JBC is required to be licensed because (1) the exception only applies to attorneys licensed to practice in Washington and (2) that the exception does not apply when an attorney is attempting to collect his clients's debts because such a situation would constitute the business of a "collection agency." Mr. Williams first impermissibly argues that unpublished cases support this conclusion. These references on page 7:24-8:19 should be stricken by the Court. Without citation, Mr. Williams's arguments must thus fail.

Moreover, Washington law, including the statutory language of the Washington Collection Agency Act, establish that Mr. Boyajian does not need to be licensed in Washington to send collection letters to Washington. First, the very language of the WCAA does not contain the limitation that the attorney must be licensed in Washington that Mr. Williams would have this Court add:

> "Collection agency" does not mean and does not include: ...
> ¶ Any person whose collection activities are carried on in his, her, or its true name and are confined and are directly related to the operation of a business other than that of a collection agency, such as but not limited to: **lawyers**; ... ."

**(RWCA 19.16.100(3)(c).)**

It is a matter of statutory construction that a Court cannot simply add language to a statute. (See **Lamie v. United States Trustee** (2004) 540 U.S. 526, 535 (reasoning that absent sufficient indications to the contrary, a court should refrain from inserting language into a statute, even if it suspected that the legislature inadvertently omitted such language).)

Mr. Williams's second argument, that a law firm is only exempted from licensing

as a collection agency if it is collecting its own debts, runs contrary to Washington state law jurisprudence. Courts have determined that when a law firm is attempting to collect its clients' debts, the law firm is expressly excepted from the licensing requirement pursuant to this exception. (**Trust Fund Servs.**, *supra*, 89 Wash.2d at 761.) Here, JBC Legal Group is a law firm which has several practice areas, including representing creditors, entertainment law, and real estate law. (UF 2, 9.) As in the **Trust Fund Servs.** case, JBC Legal Group falls into the express exempt from collection agency licensing.

Furthermore, Mr. Williams fails to address the other statutory language in the WCAA which supports the interpretation that JBC Legal Group can pursue the debts of its creditor clients without a collection agency license: The WCAA prohibits licensed collection agencies from "[p]erform[ing] any act or acts, either directly or indirectly, constituting the practice of law. (**RWCA 19.16.250(5)**.)

Nor does Mr. Williams even attempt to counter JBC's argument that the WCAA cannot regulate lawyers because that power has been delegated to the Washington Supreme Court and the Washington State Bar (like other states). (See **RWCA 2.48.060**; see also **Wash. Const., Art. 4, sect. 1**; **The Washington State Bar Association v. The State of Washington, et al.** (1995) 125 Wash.2d 901, 907-09; **Bennion, Van Camp, Hagen & Ruhl v. Kassler Escrow, Inc.** (1981) 96 Wash.2d 443, 453.)

Thus, even if the WCAA could be read to somehow include attorneys, despite the express statutory exclusion, the legislature does not have the power to regulate attorneys. Thus, the WCAA must be read to exempt attorneys.

But even it JBC should have been licensed, the failure to license, in the Ninth Circuit does not constitute a violation of the FDCPA:

> The notice told Wade correctly that she had an unpaid debt, and properly informed her that failure to pay might adversely affect her credit reputation. There was no false representation that RCA had the power to collect in Idaho.
>
> Finally, the notice did not violate Section 1692f's prohibition against unfair or unconscionable means of collecting. The

> notice was relatively innocuous, and not "unconscionable" in either a legal or lay sense. In **Gaetano**, the court found that the collector's unlicensed actions violated that section because the collector "deprived the plaintiff of her right as a consumer debtor residing within the state to have the defendant's qualifications as a collection agency reviewed by state authorities." 774 F.Supp. at 1415 n. 8. If Wade was deprived of such a right, her remedy lies in Idaho state law, not in Section 1692f of the FDCPA.

(**Wade**, *supra*, 87 F.3d at 1100-01.)

Indeed, in a different context, the **Abels** Court, a district court within the Ninth Circuit, found that letters similar to the letters received by Mr. Williams constituted prudential reminders. (**Abels**, *supra*, 428 F.Supp.2d at 1027-28.) Mr. Williams's citation to a Connecticut district court opinion is not persuasive in light of the Ninth Circuit **Wade** opinion. Moreover, the letters received by Mr. Williams make no reference that would indicate that JBC is licensed in Washington, either as an attorney or a collection agency. Indeed, the letterhead actually sets forth the states in which its attorneys are licensed, and does not mention Washington. (UF 47.) The letter does not falsely imply or expressly state that JBC is licensed in Washington, and therefore, as the Ninth Circuit has already stated in the **Wade** opinion, JBC's correspondence cannot support a determination of FDCPA liability.

Moreover, since the licensing claim and the claim premised on collection of a time barred debt arethe only bases for FDCPA liability referenced in Mr. Williams's Opposition Brief, the FDCPA claim in its entirety must fail.

**D.    Williams's Failure to Oppose Judgment Against Him as to the WCAA Cause of Action Is Further Evidence that Mr. Williams Concedes That This Cause of Action Also Fails.**

Mr. Williams alleges that JBC violated the WCAA in his Complaint, but does not oppose summary judgment as to this cause of action. This Court should deem such a failure to oppose summary judgment as a concession that Mr. Williams's WCAA cause of action must fail because it fails to state a private right of action.

## E. Mr. Williams's WCPA Cause of Action Fails as a Matter of Law Because Mr. Williams Does Not Have Any Damages.

Mr. Williams argues that a de minimus injury to property is sufficient to meet the injury element of a WCPA cause of action. (Opp. Brief, pp. 9:18-11:25.) However, he has failed to cite to any evidence that establishes that he suffered some injury to property. Moreover, his declaration does not establish any injury to property that is causally linked to the claimed violations. Rather, the declaration merely states that he went to his bankruptcy attorneys' office and sent a letter disputing that he owed the debts claimed. Mr. Williams does not provide a copy of the letter to establish the content of the letter, nor does he set forth that the actions were somehow related to the claimed violations.

Indeed, in the absence of any evidence further explaining Mr. Williams's actions, his actions appear to be in the nature of merely defending against claimed collection activity. Such conduct does not establish the injury necessary to support a WCPA cause of action, even when the amounts demanded are not supported by law. (See **Sign-O-Lite Signs, inc. v. DeLauenti Florists, Inc.** (1992) 64 Wash. App. 553, 564 ("Here, DeLaurenti's mere involvement in having to defend against Sign's collection action and having to prosecute a CPA counterclaim is insufficient to show injury to her business or property ... .") rev. denied 126 Wash.2d 1002; see also *id.* at 563 (noting that a earlier appellate court case which held that defending against a collection action was sufficient proof of injury under the CPA had been overruled by the Hangman Ridge decision); **Demopolis v. Galvin** (1990) 57 Wash.App. 47, 55 (payment of monies was not sufficient injury since plaintiff did not pay any monies above and beyond amount owed).)

The cases cited by Mr. Williams do not undermine this conclusion; the cases involve true injuries to property or business. (See, e.g., **Mason v. Mortgage American, Inc.** (1990) 114 Wash.2d 842, 854 (temporary loss of title to property); **Nordstrom, Inc. v. Tampourlos** (1987) 107 Wash.2d 735, 739 (trade name infringement); **Sorrel v.**

**Eagle Healthcare, Inc.** (2002) 110 Wash.App. 290, 298-99 (payment of monies to the defendant); **Besel v. Viking Ins. Co. of Wisconsin** (2001) 105 Wash.App. 463 (judgment clouded title)

Moreover, Mr. Williams has played fast and lose with the Federal Rules of Civil Procedure if he indeed is claiming so-called "injury." Mr. Williams failed to disclose this information in his initial disclosures, despite further requests from defense counsel.[2] **(Fed. R. Civ. Proc. 26(a)(1)(C)**; 2 Weil & Brown, **Federal Civil Procedure Before Trial** (Rutter Group rev. ed. 2005) p. 11-30 through 11-31, ¶¶ 11:280-11:281.10 (citing **City & County of San Francisco v. Tutor-Saliba Corp.** (N.D. Cal. 2003) 218 FRD 219, 221).) **Rule 37** requires virtually automatic preclusion of information not disclosed pursuant to **Rule 26(a)(1)**. (See **Design Strategies, Inc. v. Davis** (S.D.N.Y. 2005) 367 F.Supp.2d 630, 633-36; **City & County of San Francisco**, *supra*, 218 FRD at 221 (listing cases); **In re Oakwood Homes Corp.** (Bkrtcy. D. Del. 2006) 340 B.R. 510, 540 (listing cases).) And JBC requests that Paragraph 2 of Mr. Williams's declaration be stricken in light of these authorities for failure to comply with his obligations under **Rule 26(a)(1)**.

Simply put, since Mr. Williams has not established (1) injury and (2) that such injury was the proximate cause of the claimed violations – for various reasons - this cause of action must fail also. (**Hangman Ridge II**, *supra*, 105 Wash.2d at 792-793.)

### III.  CONCLUSION

Based on the foregoing, defendants request that this Court grant their summary judgment motion and award judgment in favor of defendants. Alternatively, defendants seek to have this Court grant partial summary judgment. Mr. Williams cannot establish a violation of the FDCPA. The attempt to collect Mr. Williams's debts, even if they are time-barred, cannot establish a violation of the FDCPA since the debts are valid,

---

[2] Defense counsel has also attempted to obtain a copy of Mr. Williams's signed declaration, but Mr. Williams has not responded to the repeated requests of defense counsel, giving rise to the question whether in fact Mr. Williams did sign such a declaration.

existing debts, even if the statute of limitations has run on them. Nor can whether or not defendants have met a state licensing requirement provide a basis for an FDCPA violation.

Defendants are exempt from the WCAA, which specifically excludes attorneys. Additionally, the WCAA does not provide a private right of action.

As for the WCPA and unlawful practice of law causes of action, Mr. Williams cannot and has not established the necessary requirement of causation or injury/damages, nor can Mr. Williams establish standing.

As such, this Court should grant defendants' Motion for Summary Judgment.

Dated: August 21, 2006

MURPHY, PEARSON, BRADLEY & FEENEY

By  /s June D. Coleman
June D. Coleman
Attorneys for Defendants
JBC LEGAL GROUP, P.C., JBC &
ASSOCIATES, P.C. AND JACK HAGOP
BOYAJIAN

1    I hereby certify that on August 21, 2006, I electronically filed the foregoing with

2    the Clerk of the Court using the CM/ECF System which will send notification of such

3    filing to Attorney Michael D. Kinkley, Attorney for Plaintiff.

4

5                                        s/WendyVierra, WSBA No. 37222
                                         Wendy Vierra
6                                        Attorneys for Defendants
                                         JBC LEGAL GROUP, P.C., JBC &
7                                        ASSOCIATES, P.C. AND JACK HAGOP
                                         BOYAJIAN

8                                        701 University Avenue, Suite 150
                                         Sacramento, CA 95821
9                                        (916) 565-0300
                                         Facsimile: (916) 565-1636
10                                       E-Mail Address: wvierra@mpbf.com

11   JDK.10324730.doc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
─────────────────────────────────────────────────────